■ In the Matter of the Claim of JESUS VEGA, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 29, 1975, which reversed the decision of a referee and sustained the initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits because he lost his employment through misconduct in connection therewith. At the time of his employment as a youth counselor by a home for wayward girls, claimant was presented with a written rule prohibiting sexual or courtship involvement with individuals enrolled in the programs of the home. The importance of the rule was stressed and it was explained that a violation thereof would result in his immediate discharge. Claimant was also aware of a rule requiring him to log or otherwise report significant events relating to enrollees. Eight months later, claimant was discharged for conduct unbecoming his position in that he had permitted a 15-year-old enrollee to visit his personal apartment, away from the employer's premises, for a period in excess of two hours without making a report of the event. Substantial evidence supports the board's determination that the foregoing actions rose to the level of misconduct. Claimant's argument that he was never specifically advised to avoid the "appearance" of impropriety in dealing with program enrollees is tenuous, at best, and his contention that he did not regard this singular visit as sufficiently "significant" to merit a report to his employer is belied by his later denial that it ever took place. The mere fact that no sexual contact was found to have occurred during the visit, as was afterwards alleged by the enrollee, does not lessen for claimant the seriousness of his failure to report the incident. Under the circumstances presented, claimant's initial concealment of her visit amounts to far more than an exhibition of bad judgment (cf. *Matter of James [Levine],* 34 NY2d 491) and adequately establishes actual misconduct on his part. Decision affirmed, without costs. Greenblott, J. P., Kane, Main, Larkin and Herlihy, JJ., concur.